UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAULIO ULISES REYES,<br><br>            Plaintiff,<br><br>     v.<br><br>GISELLE MATTESON, *et al.*,<br><br>            Defendants. | Case No. 2:20-cv-0815-JDP (PC)<br><br>SCREENING ORDER<br><br>ORDER THAT PLAINTIFF:<br><br>(1) FILE A SECOND AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER<br><br>ECF No. 15<br><br>THIRTY-DAY DEADLINE |

Plaintiff Braulio Ulises Reyes is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's amended complaint, ECF No. 15, is before the court for screening under 28 U.S.C. § 1915A. He alleges that two defendants, Francis Ko and Martin Kuorston, violated his Eighth Amendment rights by failing to recommend and approve surgical repair for his hernia. I find that plaintiff has failed to state a cognizable deliberate indifference claim against either defendant.

SCREENING AND PLEADING REQUIREMENTS

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

ANALYSIS

Plaintiff alleges that he has suffered hernia pain since 2016. ECF No. 15 at 5. He was approved for hernia surgery in July 2018 while housed at San Quentin state prison. *Id.* at 6. In August 2018, prior to surgery, plaintiff was transferred to Solano state prison. *Id.* at 7. There, he met with defendant Ko, a physician. *Id.* at 8. Ko disagreed with the surgery referral and, instead,

1   issued plaintiff a hernia belt and restricted the amount of weight plaintiff could lift. *Id.* at 8.

2   Plaintiff kept requesting surgery from his medical providers. *Id.* at 10. In August 2019,
3   he convinced a different physician at Solano state prison to reinstate his surgery referral. *Id.* at
4   13. Surgery was denied again, however, by defendant Kuorston—the chief medical executive.
5   *Id.* at 14. Kuorston apparently denied surgery because the physician request lacked
6   "documentation of Title 15 Medical Necessity" and there were no "documented objective
7   complications." *Id.*

8   A prisoner must establish two elements to succeed on a claim for medical deliberate
9   indifference. First, "the plaintiff must show a serious medical need by demonstrating that failure
10  to treat a prisoner's condition could result in further significant injury or the unnecessary and
11  wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal
12  quotation marks omitted). Second, "the plaintiff must show the defendant's response to the need
13  was deliberately indifferent." *Id.* Negligence is not enough to establish deliberate indifference.
14  *Id.* Neither is a difference of medical opinion. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th
15  Cir. 1996). The Ninth Circuit has likened deliberate indifference to "something akin to reckless
16  disregard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

17  Plaintiff's allegations against Ko, taken as true, do not amount to deliberate indifference.
18  Nothing in the complaint indicates that Ko's alternate prescription of a hernia belt and physical
19  restrictions was issued in "reckless disregard" of plaintiff's medical wellbeing rather than with a
20  good faith belief that they might prove effective in helping plaintiff's symptoms. Additionally, a
21  different provider subsequently recommended surgery, meaning that Ko's alternate treatment plan
22  amounted only to a delay. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407
23  (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim
24  of deliberate medical indifference . . . .").

25  I also find that the allegations, taken as true, do not show that defendant Kuorston acted
26  with deliberate indifference when he denied plaintiff surgery. The complaint says only that he
27  rejected surgery because he found a lack of documentation as to both medical necessity and
28  objective complications. ECF No. 15 at 14. Plaintiff has not alleged that Kuorston's denial was

pretextual or made in bad faith. He says only that Kuorston denied his surgical referral and that doing so amounted to deliberate indifference. *Id.* The pleading standards for federal complaints are not high, but they demand more than legal conclusions. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's complaint is dismissed with leave to amend.

## LEAVE TO AMEND

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a). The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should consider whether each of the defendants he names had

involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably.

Accordingly, it is ORDERED that

1. Plaintiff's amended complaint (ECF No. 15) is DISMISSED with leave to amend within thirty days of service of this order.

2. The Clerk of Court shall send plaintiff a prisoner complaint form with this order.

3. Failure to file an amended complaint within the deadline or to comply with any part of this this order may result in dismissal for failure to prosecute.

IT IS SO ORDERED.

Dated:   November 9, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE